**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, National Association, not in its individual or banking capacity, but solely as Trustee on behalf of Green Tree Mortgage Trust 2005-HE1, Respondent,

v.

James E. Turner a/k/a James Turner, Sr, Appellant.

Appellate Case No. 2023-001054

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-331
Submitted June 1, 2026 – Filed July 1, 2026

———————

**AFFIRMED**

———————

Glenn Walters, Sr., of Glenn Walters & Associates, PA, of Orangeburg, for Appellant.

Theodore von Keller, B. Lindsay Crawford, III, and Jason Mark Hunter, all of Crawford & von Keller, LLC; and Christopher Brian Lusk, of Jeffcoat Law Firm, LLC, all of Columbia, for Respondent.

———————

**PER CURIAM:**  James E. Turner appeals the master-in-equity's order of foreclosure and sale in favor of Wells Fargo Bank, National Association, not in its individual or banking capacity, but solely as Trustee on behalf of Green Tree Mortgage Trust 2005-HEI (Wells Fargo) on its foreclosure action.[1]  On appeal, Turner argues (1) the master erred in allowing Wells Fargo's litigation support employee to testify concerning the information contained in the loan document, (2) the admission of hearsay testimony prejudiced the outcome of the case, (3) Wells Fargo failed to establish a prima facie case of foreclosure, and (4) the master erred in setting aside the lost mortgage satisfaction.  We affirm pursuant to Rule 220(b), SCACR.

First, we hold the master did not abuse its discretion in permitting the witness to testify about the information contained within the loan documents because he was a qualified witness and laid the proper foundation pursuant to Rule 803(6) of the South Carolina Rules of Evidence.  *See Rawlinson Rd. Homeowners Ass'n, Inc. v. Jackson*, 395 S.C. 25, 36, 716 S.E.2d 337, 344 (Ct. App. 2011) ("Generally, the admission or exclusion of testimony is a matter within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion.").  The witness was qualified to testify about the documents because (1) he was the authorized representative of Shellpoint Mortgage Services (Shellpoint) for the loan documents; (2) he was familiar with Shellpoint's, Green Tree Financial Servicing Corporation's (Green Tree's), and Ditech Financial LLC's (Ditech's) procedures and documents, which were all maintained throughout the life of the loans; and (3) the witness conveyed information from a person "with knowledge" at the time the records were created.  *See Deep Keel, LLC v. Atl. Priv. Equity Grp., LLC*, 413 S.C. 58, 73, 773 S.E.2d 607, 615 (Ct. App. 2015) ("[A] witness [may be] qualified to testify about a business record, despite the fact he or she did not personally participate in the creation of the record and was not the custodian 'at or near the time' the record was made." (quoting *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 642, 518 S.E.2d 44, 48 (Ct. App. 1999))); *id.* (determining a witness who "studied the manner in which [the banks] maintained the records before he purchased the note" was a qualified witness).  We also hold the witness laid the proper foundation to meet Rule 803(6) requirements because he testified the documents were made at or near the time of the events occurring within them, were transmitted by a person with knowledge of the information, were kept during the course of regularly-conducted business activities, and the witness was qualified to testify regarding the documents and the master did not find him untrustworthy.

---

[1] The foreclosure action concerned a note and mortgage from 1996 (Note 1 and Mortgage 1) and from 1997 (Note 2 and Mortgage 2).

*See Deep Keel, LLC*, 413 S.C. at 73, 773 S.E.2d at 615 ("However, establishing that a witness is qualified to testify about a business record does not automatically lead to admission of that record. The qualified witness must then lay the foundation to meet the requirements of Rule 803(6) and section 19-5-510 [of the South Carolina Code (2014)]."); *Ex parte Dep't of Health & Env't Control*, 350 S.C. 243, 249-50, 565 S.E.2d 293, 297 (2002) ("Rule 803(6) . . . provides that memorandum, reports, etc. in any form, of acts, conditions, or diagnoses, are admissible as longs as they are (1) prepared near the time of the event recorded; (2) prepared by someone with or from information transmitted by a person with knowledge; (3) prepared in the regular course of business; (4) identified by a qualified witness who can testify regarding the mode of preparation of the record; and (5) found to be trustworthy by the court."); § 19-5-510 ("A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."). Although Turner asserts the loan payment history documents were not admitted into evidence due to Wells Fargo's inadvertence, the master permitted their admission on redirect examination, which was within the discretion of the master. *See Levy v. Outdoor Resorts of S.C., Inc.*, 304 S.C. 427, 431, 405 S.E.2d 387, 390 (1991) ("The scope of redirect examination is a matter within the discretion of the [master]."). Additionally, Turner opened the door to the entry of the documentation by demanding the witness show the payment history. *See* Rule 611(d), SCRE ("A witness may be re-examined as to the same matters to which he testified only in the discretion of the court, but without exception he may be re-examined as to any new matter brought out during cross-examination."). Therefore, because the witness was a qualified witness, laid the foundation for the entry of the records, and the records were in evidence, the master did not err in permitting the witness to testify regarding the contents of the records. *See Deep Keel, LLC*, 413 S.C. at 72, 773 S.E.2d at 614 ("Rule 803(6) does not apply to admit live testimony offered to prove the contents of a record containing hearsay *when that record is not offered in evidence*." (emphasis added)).[2]

---

[2] Because we hold the master did not err in permitting the witness's testimony, we need not address Turner's issues two and three as to whether the admission of the hearsay testimony prejudiced him or that without the testimony, Wells Fargo failed to prove a prima facie case of foreclosure. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an

Second, we hold the master did not err in setting aside the lost mortgage satisfaction. *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Charleston Elec. Servs., Inc. v. Rahall*, 427 S.C. 317, 322, 831 S.E.2d 122, 124 (Ct. App. 2019) ("In an action in equity, tried by a master without a jury, an appellate court may view the evidence to determine facts in accordance with its own view of the preponderance of the evidence."); *id.* ("This broad scope of review does not require the appellate court to disregard the findings of the master, who saw and heard the witnesses and was in a better position to evaluate their credibility."). Although Emergent Mortgage Corp. (Emergent), the original holder of Note 1 and Mortgage 1, issued the Mortgage 1 satisfaction on October 5, 2007, Emergent assigned its Mortgage 1 interest to Carolina Investors in 1996. Therefore, Emergent did not have the authority to satisfy Mortgage 1 in 2007 and the master did not err in setting aside the lost mortgage satisfaction. *See Williams & Co. v. Paysinger*, 15 S.C. 171, 173 (1881) ("An entry of satisfaction by a mortgagee after he has parted with his interest in the security, will not discharge the mortgage in favor of one who has acquired an interest in the land before the discharge was made." (quoting 2 *Jones on Mort.* 957)). Furthermore, although Turner asserts Ditech's assignment of Mortgage 2 to Wells Fargo was suspect because Ditech ceased to exist as a corporation three years before the assignment, when Green Tree merged with Ditech—even though Green Tree was the surviving entity—it thereafter changed its name to Ditech. Finally, we hold Turner's argument that Wells Fargo did not have standing to pursue foreclosure of Mortgage 2 is not preserved for appellate review because Turner did not challenge Wells Fargo's standing at trial based on the Ditech assignment. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

appellate court does not need to address remaining issues when its resolution of a prior issue is dispositive of the appeal).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.